### ROBERTS v. BURRIS *et al.*

1. MAILING COPIES OF PAPERS. That a copy of a petition was mailed to defendant, in compliance with his demand made upon the service of notice, can not be shown by the certificate of the clerk.

*Appeal from Louisa District Court.*

THURSDAY, DECEMBER 5.

THE facts are stated in the opinion of the court.

*Clarke & Davis* for the appellant.

*Crocker & Smyth* for the appellee.

BALDWIN, J.—Downey alone appeals. The first error assigned is, that the court had no jurisdiction over defendant Downey, the original notice never having been properly served. The return shows that service was made by the sheriff of Johnson county, by reading the same to Downey, but that he demanded a copy of the petition, and required it to be sent to him by mail, at Iowa City, Iowa. The clerk of the District Court of Louisa county, where the cause was

Roberts v. Burris et al.

pending, certifies on said original notice as follows: "A certified copy of the petition, exhibits and amended bill in this cause was mailed by me on the 9th day of March 1860, to Hugh Downey at Iowa City."

JOHN HALE, Clerk, Dist. Court.

Copy 2,35.

Postage paid, 9."

It is submitted that the evidence of service was not sufficient to warrant the court in rendering a decree by default against appellant. The statute provides (Code § 1722,) that unless previously served with a copy of the petition, the defendant may, at any time require a copy thereof to be sent to him through the post office, directed to any place he may designate; and it further provides ( § 1723,) that the return on the notice must state whether a copy of the petition was demanded, and if so, to what place it was to be directed. The statute does not specifically declare whose duty it is to procure copies of the notice and petition when demanded, and cause them to be forwarded by mail to the place disignated, nor does it state what evidence is required to establish the fact of such mailing. If this request of the defendant is not complied with, the service is not so complete as to give the court jurisdiction. It is no part of the duties of the clerk of the District Court to mail such copies, and his certificate of such mailing is not any better evidence of that fact than the certified statement of any person not an officer, or having no seal. Whether the mailing of such copies can be shown by the return of the sheriff, or whether it must be proven by the affidavit of the person depositing the same in the post office, are questions not necessary to be determined in this case. We join in the conclusion that the certificate of the clerk is not the proper evidence of such mailing.

Holding as we do that the service as to Downey, was de-

fective, it becomes unimportant to refer to the other questions presented by the appellant.

Reversed.